# STRAFFORD,

## JANUARY TERM, A. D. 1849.

---

## MATHEWS *v.* BENNETT.

A tenant by curtesy of the reversion, expectant upon the determination of an estate in dower, cannot maintain trespass *de bonis* for trees or other things severed and removed by the dowager ; the property in such belongs to the owner of the inheritance.

An arrangement was made by the heir, and the widow entitled to dower, that the latter should have possession of certain lands in the place of dower, until either party saw fit to terminate the arrangement.—*Held,* that notice by the party, having the heir's estate, to the dowager, not to cut wood on the land so assigned, did not terminate the temporary arrangement. Neither did an application, by the widow, to the court of probate to have dower assigned, have that effect ; the application having, by reason of informality, failed.

TRESPASS, *quare clausum,* for breaking and entering the plaintiff's field, in Lee, and carrying away his grass, oats and potatoes.

The second count was for taking and carrying away one oak log ; the third, for taking and carrying away one oak tree ; the fourth, for taking three loads of hard wood ; the fifth was for breaking and entering the plaintiff's other close, in Durham, and carrying away ten oak trees and ten other trees ; the sixth, for breaking the plaintiff's close, in Lee, and carrying away one large pine tree ; the seventh, for breaking the plaintiff's close, in Durham, and digging and carrying away twenty-six loads of earth ; the eighth,

for carrying twenty-six other loads of earth; the ninth, for breaking the plaintiff's close, in Lee, and digging up and removing ten loads of earth; the tenth, for breaking the plaintiff's close, in Durham, and cutting and removing five pine and three hemlock and ten other trees; the eleventh was for taking and removing like trees; the twelfth was for taking one pine tree, in Lee.

It appeared that Joseph Stevens was seized of one undivided half of the parcels of real estate, including those on which the trespasses were alleged to have been committed, and died in 1816, leaving a widow, who was, prior to 1833, married to the defendant, and one only child, Lydia Ann, his heir at law. The real estate was then divided between the tenants in common, and all that which is described in the plaintiff's writ, together with a lot of land in Nottingham, was assigned to said Lydia Ann in severalty. The widow, her mother, was appointed her guardian, and remained in possession of her estate until the year 1832, when the ward was married to the plaintiff. Lydia Ann died prior to 1845, leaving several children of the marriage.

In 1833 a portion of the land, assigned upon the partition as the share of Lydia Ann, was set apart to be occupied as the dower of the defendant's wife; embracing a part of a field which had been occupied as mowing and tillage ground, as well as certain lands occupied for pasture, in which were standing certain oak, pine and hemlock wood and timber trees, in the towns of Lee and Durham. At the same time, parol permission was given to the defendant and wife to cut wood upon the lot in Nottingham, instead of having dower set off therein. But there was no building upon any part of the land thus set out for dower, and the assignment was by parol, and was agreed at the time to be only a temporary arrangement, to continue so long as both parties might please to continue it.

The mowing and tillage assigned in 1833 was upon the northerly side of the field in Lee, described in the declaration. One tract of the pasture so assigned adjoined it on the east, and lay partly in Durham and partly in Lee, while another tract, situate in the same towns, was known as the Walter Smith pasture.

About the 8th day of January, 1845, the defendant and wife petitioned, in her behalf, to the court of probate for dower in the lands of her former husband, Stevens, and the same was assigned by a committee appointed for the purpose ; but their report was rejected, for the reason that notice had not been given to the plaintiff.

From a part of the land assigned in 1833, for dower, the defendant, in the fall of 1844, then occupying it, took a quantity of earth and conveyed it to his yards to be made into manure. Its value was merely nominal.

On the 16th day of January, 1845, the plaintiff, for himself and children, gave written notice to the defendant not to cut trees upon land claimed by the latter as his wife's dower in her first husband's land. From the lands embraced in the assignment of 1833, however, the defendant cut, in February, 1845, oak trees, which he used for fuel. He also, in the autumn of 1844, removed a tree cut by Mathews the same autumn on the same land. The wood and trees were, together, of the value of $7.75. In May, 1845, he removed a tree cut by the plaintiff the preceding winter upon land assigned as dower by the committee of the court of probate. This tree was of the value of one dollar. In March, 1845, and in February or March, 1846, the defendant cut and removed from the land in Lee and Durham, called the Smith pasture, assigned to his wife in dower, as well in 1833 as by the committee in 1845, trees of the value of six dollars.

After the assignment by the committee, in 1845, the defendant, without the leave of the plaintiff, went into possession of the land so assigned, and plowed and

cultivated a part and carried away the produce, consisting of oats and potatoes; and from the remainder of the field assigned, he cut and removed the grass. All these were of the value of sixty-three dollars.

Upon these facts a general verdict was, by consent, taken for the plaintiff, for the sum of $80.50, to be reduced by amendment, or to be set aside, if the court should so order.

*Christie*, for the defendant.

1. The plaintiff is only tenant by curtesy, and cannot sue for an injury done to the reversion.

2. The acts of the committee of the probate court were ineffectual to establish, in the defendant, any new right, and of course to divest that which he had under the provisional assignment of dower in 1833. That assignment was good till a new one should have been made. The parties possessed under it for fourteen years.

3. Trespass *quare clausum* can be maintained only for the original entry. If the defendant had no right to cut the trees, the plaintiff had no possession of the soil to authorize him to maintain this action.

*Stickney*, for the plaintiff.

The plaintiff can maintain trespass for injury to land of which he is, at the time of the injury, in possession as tenant by the curtesy. When the crops were ready for harvest, they were the property of the plaintiff, who was in possession of the soil.

The trees, cut by the plaintiff upon the land in the possession of the tenant in dower, became, when severed, his own.

The parol agreement under which the defendants occupied, was terminated by the notice of January 16, 1845, and by the petition for dower. The parol agreement was no assignment of dower; it was a mere license to occupy till the license should be revoked. Her waste was a revo-

cation.   Even if she had been in as tenant in dower, there being no house on the land assigned, there was no right to cut firewood.   7 N. H. 341.

That the plaintiff is only tenant by the curtesy, goes only to the quantum of damages.

GILCHRIST, C. J.   The principles by which the somewhat numerous questions presented by this case are to be decided, are few and familiar.

The estate which Joseph Stevens owned in common with other parties, was severed after his decease, and his part assigned to his heir, by whom it was held for many years, subject to the right of her mother, the widow of Stevens and afterwards the defendant's wife, to have dower assigned her therein.

An arrangement was then made, intended to be temporary, and to abide the motion of either party to break it up, by which certain parts of this estate passed into the occupancy of the dowager, or, rather, of the defendant, her husband; and in the course of some years, but when is not precisely shown by the case, the plaintiff, by the death of his wife, the heir at law of Stevens, became possessed of the other portion of the estate as tenant by the curtesy, with the reversionary interest during his life in the same right, in the portions assigned as dower; or, what seems for the purposes of this case to amount to the same thing, he had the whole estate for his own life, subject to the right of the defendant's wife to have dower assigned her, whenever either party saw fit to terminate the occupancy that was arranged as a present substitute for that estate.

Neither the plaintiff nor the defendant had more than an estate for life, the inheritance being in the children of the plaintiff, who are not parties to the suit, either in form or in effect.   The mere circumstance that the plaintiff is their guardian does not enlarge his rights to recover in

the action which he has brought in his own name, and may be laid wholly out of the case. Actions for injuries to the estate of wards must be brought in their own names.

For injuries done to the land, or other thing in the possession of the plaintiff, he may maintain this action. For injuries done to estate not in his possession, he cannot maintain it. This, as to such of the counts as are for breaking the plaintiff's close, narrows the inquiry, and we are presently to ascertain what portions of the land were and what were not in his possession when the acts complained of were done.

As to the counts for taking and carrying away, it is true, as is suggested by the plaintiff's counsel, that trees severed from the soil belong not to the tenant for life in possession, and he has no right to remove them. But they do not any more belong to the tenant for life in reversion, and he cannot maintain a possessory action for them. They are, by all the authorities, the property of the owner of the inheritance, whom the law has provided with various remedies appropriate to his interests in them, and which he may pursue, as he is advised. He is not represented in this suit. For any trees, therefore, or other thing severed from the freehold not in his possession, this plaintiff cannot maintain this action.

By the arrangement made in 1833, possession was given to the defendant of certain parcels of land, terminable at the election of either party. Had that election been made?

The plaintiff contends that he himself terminated the defendant's right of occupancy by the notice which he gave on the 16th of January, 1845. But that was a notice that was perfectly consistent with the occupancy enjoyed and claimed by the defendant, for it only warned him against cutting the standing trees. This he had no right to do by the tenure which he had, for there was no

house on the land to sustain a claim for fire-bote. Nor was timber required for repairing fences. This notice cannot be deemed to have the effect assumed by the plaintiff.

It is said that the defendant terminated his right to occupy, by proceedings that he instituted in the probate court for asserting his wife's right of dower, and by taking possession under the proceeding. But to this view there are obvious objections.

By entering upon the land designated by the committee of the probate court, he became a trespasser upon the plaintiff's possession. The act was, therefore, no satisfaction for the rightful possession he had under the arrangement of 1833, and affords no indication of a purpose to abandon that possession, except a purpose founded upon a mistake. He elected to take the land staked out by the committee, instead of that which he had previously occupied; and that is all that the entry upon the former indicated. Had he supposed that he was committing a trespass, there is no possible room for supposing that he intended to abandon his old possession.

Neither did the application to the court of probate for dower terminate the occupancy of the party under the convention of 1833, or afford an indication of an intention to terminate it before a substitute for the land he then held should be obtained under a valid decree of that court.

The unavoidable conclusion therefore is, that the case does not furnish evidence that either the possession which the defendant had under the temporary provision that was made in 1833, or the right of possession, had been lost or terminated.

For all the trees cut and soil dug upon the land so occupied, this action therefore must fail. This category appears to embrace all the acts set up as trespasses, except the trespass named in the first count, which was for breaking the close and taking the oats, potatoes and grass,

valued at sixty-three dollars, and the trespass described in the third count, which was for taking an oak tree which the plaintiff had previously severed from the land designated by the committee for the dower of the defendant's wife. The proceedings of the committee were obviously ineffectual to give the defendant any right of possession, or to disturb that of the plaintiff.

The verdict must, therefore, be amended according to the agreement, and reduced to sixty-four dollars, and judgment thereupon entered for the plaintiff.

*Judgment on the verdict for sixty-four dollars.*